# 18-1103

*To Be Argued By*:
BRANDON M. WATERMAN

## United States Court of Appeals
### FOR THE SECOND CIRCUIT
### Docket No. 18-1103

➤◆◆➤

LUIS HERNANDEZ,

*Plaintiff-Appellant*,

—v.—

UNITED STATES OF AMERICA, W. OUTLAW,
United States Department of Homeland Security
Immigration Officer, #0862, and CITY OF NEW YORK,

*Defendants-Appellees*,

JOHN DOES,

*Defendants*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE
## THE UNITED STATES OF AMERICA

GEOFFREY S. BERMAN,
*United States Attorney for the*
*Southern District of New York,*
*Attorney for Defendant-Appellee*
*United States of America.*
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2741

BRANDON M. WATERMAN,
CHRISTOPHER CONNOLLY,
  *Assistant United States Attorneys,*
    *Of Counsel.*

# TABLE OF CONTENTS

PAGE

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . .  1

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . .  3

Issues Presented for Review . . . . . . . . . . . . . . . . . . . .  3

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . .  4

    A.   Procedural History . . . . . . . . . . . . . . . . . . . .  4

    B.   Factual Allegations . . . . . . . . . . . . . . . . . . . .  4

    C.   The District Court's Order . . . . . . . . . . . . . .  6

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . .  8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . .  9

POINT I—The District Court Properly Dismissed
    Hernandez's Claim for False Arrest and False
    Imprisonment . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

POINT II—The District Court Properly Dismissed
    Hernandez's Claim for Abuse of Process . . . . .  12

POINT III—The District Court Properly Dismissed
    Hernandez's Claim for a Due Process Violation
    Under the New York State Constitution . . . . .  14

POINT IV—The District Court Properly Dismissed
    Hernandez's Claim for Negligence . . . . . . . . . .  17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

# TABLE OF AUTHORITIES

*Cases*:

*Appolon v. United States*,
 No. 16 Civ. 2275 (SJ)(SMG), 2017
 WL 3994925 (E.D.N.Y. Sept. 6, 2017) . . . . . . 15, 16

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009). . . . . . . . . . . . . . . 9, 10, 12, 18

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 555 (2007). . . . . . . . . . . . . . . . . . . . . . 9, 13

*Bernard v. United States*,
 25 F.3d 98 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . 17

*Caban v. United States*,
 728 F.2d 68 (2d Cir. 1984) . . . . . . . . . . . . . . . . . 11

*Cantor Fitzgerald v. Lutnick*,
 313 F.3d 704 (2d Cir. 2002) . . . . . . . . . . . . . . 12, 13

*Castro v. United States*,
 34 F.3d 106 (2d Cir. 1994) . . . . . . . . . . . . . . . . . 14

*Chen v. United States*,
 854 F.2d 662 (2d Cir. 1988) . . . . . . . . . . . . . . . . 15

*Evans v. Solomon*,
 No. 06 Civ. 3284 (SLT)(LB), 2011 WL 609806
 (E.D.N.Y. Feb. 5, 2011). . . . . . . . . . . . . . . . . . . . 14

*FDIC v. Meyer*,
 510 U.S. 471 (1994). . . . . . . . . . . . . . . . . 10, 14, 18

PAGE

*Hightower v. United States*,
   205 F. Supp. 2d 146 (S.D.N.Y. 2002) . . . . . . . . . . 14

*Joseph v. United States*,
   —F. App'x—, 2018 WL 5098820
   (2d Cir. Oct. 18, 2018). . . . . . . . . . . . . . . . . . . . . . 18

*Li v. Aponte*,
   No. 05 Civ. 6237 (NRB), 2008 WL 4308127
   (S.D.N.Y. Sept. 16, 2008) . . . . . . . . . . . . . . . . . . . 14

*Liranzo v. United States*,
   690 F.3d 78 (2d Cir. 2012) . . . . . . . . . . . . . . . . . 15

*Lotes Co. v. Hon Hai Precision Industry Co.*,
   753 F.3d 395 (2d Cir. 2014) . . . . . . . . . . . . . . . . 18

*Luina v. Katherine Gibbs School New York, Inc.*,
   830 N.Y.S.2d 263 (2d Dep't 2007) . . . . . . . . . . . 17

*Monell v. Dep't of Social Services*,
   438 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . 6

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016) . . . . . . . . . . . . . . . . . 9

*Roldan v. Racette*,
   984 F.2d 85 (2d Cir. 1993) . . . . . . . . . . . . . . . . . 13

*Savino v. City of New York*,
   331 F.3d 63 (2d Cir. 2003) . . . . . . . . . . . . . . 12, 13

*Sharrock v. Dell Buick-Cadillac, Inc.*,
   45 N.Y.2d 152 (1978) . . . . . . . . . . . . . . . . . . . . . 16

*Singer v. Fulton County Sheriff*,
   63 F.3d 110 (2d Cir. 1995) . . . . . . . . . . . . . . . . . 10

PAGE

*Stagl v. Delta Airlines, Inc.*,
    52 F.3d 463 (2d Cir. 1995) . . . . . . . . . . . . . . . . . 17

*Thompson v. City of New York*,
    23 N.Y.S.3d 839 (2015) . . . . . . . . . . . . . . . . . . . . 10

*Thunder Island Amusements, Inc. v. Ewald*,
    650 F. Supp. 2d 195 (N.D.N.Y. 2009) . . . . . . . . . 14

*Triestman v. Federal Bureau of Prisons*,
    470 F.3d 471 (2d Cir. 2006) . . . . . . . . . . . . . . . . 9

*Watson v. United States*,
    865 F.3d 123 (2d Cir. 2017) . . . . . . . . . . . . . 15, 18

*Statutes*:

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1346(b) . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

28 U.S.C. § 2674 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Rules*:

Federal Rule of Civil Procedure 12(b)(1) . . . . . . . . . . 9

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . 9

*Regulations*:

8 C.F.R. § 287.7(a) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

## Docket No. 18-1103

———

Luis Hernandez,

*Plaintiff-Appellant,*

—v.—

United States of America, W. Outlaw, United
States Department of Homeland Security
Immigration Officer, #0862, and City of New York

*Defendants-Appellees,*

John Does,

*Defendants.*

———

## BRIEF FOR DEFENDANT-APPELLEE
## THE UNITED STATES OF AMERICA

———

### Preliminary Statement

In September 2013, plaintiff-appellant Luis Her-
nandez, a United States citizen, was arrested and
charged with a misdemeanor. He was promptly ar-
raigned, ordered held on a minimal bail, and detained
for approximately four days until his bail was posted,
at which point he was released by local authorities.

On the day Hernandez was arrested, the U.S. Department of Homeland Security ("DHS") issued an immigration detainer, which requested that local law enforcement hold Hernandez for up to 48 hours after he would otherwise be released, to allow DHS to arrange to take him into custody. But Hernandez is a United States citizen, and thus not subject to removal, and certain information in the detainer did not pertain to him. Accordingly, on the day Hernandez posted bail and was released, DHS withdrew the immigration detainer.

In this action, Hernandez attempts to hold the government liable for his brief period of detention pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80. But as the district court correctly held, his claims fail as a matter of law. First, Hernandez cannot make out a claim for false arrest and false imprisonment because the government was not responsible for his confinement and, in any event, that confinement—based on a lawful arrest and the imposition of bail by a judge—was privileged. Second, Hernandez's abuse of process claim also fails because DHS was not motivated by an improper purpose when it issued the detainer, and, in any event, DHS could not compel Hernandez's detention by local law enforcement. Third, Hernandez cannot hold the government liable for violating the due process clause of the New York State Constitution because the FTCA does not waive the government's sovereign immunity for such claims. Fourth, Hernandez's negligence claim is subject to dismissal because New York law precludes law enforcement officials from being held liable

for failing to exercise due care in carrying out an arrest. The district court's judgment should therefore be affirmed.

## Jurisdictional Statement

The district court had jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346(b), because it involved tort claims against the United States. On March 13, 2018, the district court granted the government's motion to dismiss (Joint Appendix ("JA") 63-89), and judgment was entered in accordance with the district court's order on March 14, 2018 (JA 90). Hernandez timely filed a notice of appeal on April 13, 2018. (JA 91-92). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## Issues Presented for Review

1. Whether the district court correctly dismissed Hernandez's claim for false arrest and false imprisonment, because his pleadings fail to plausibly allege that the government intended to confine him, or that his confinement was not otherwise privileged.

2. Whether the district court correctly dismissed Hernandez's abuse of process claim, because his pleadings fail to adequately allege that the government issued the immigration detainer for an improper purpose, or that the detainer was sufficient to compel local law enforcement to detain Hernandez.

3. Whether the district court correctly dismissed Hernandez's claim for a violation of due process under the New York State Constitution, because the FTCA does not waive the government's sovereign immunity

for constitutional torts or for claims for which a private individual could not also be held liable.

4. Whether the district court correctly dismissed Hernandez's negligence claim because, under New York law, law enforcement officers cannot be held liable for purportedly failing to exercise due care in effecting an arrest or initiating a prosecution.

## Statement of the Case

### A.  Procedural History

Hernandez commenced this action in district court on August 3, 2016 (Dist. Ct. ECF No. 1), and filed a second amended complaint on December 14, 2016 (JA 9-27). On February 20, 2017, both the Federal Defendants (the United States of America and a DHS Deportation Officer identified as "W. Outlaw") and the City of New York moved to dismiss the second amended complaint. (Dist. Ct. ECF Nos. 42-47). In an opinion and order dated March 13, 2018, the district court (Laura Taylor Swain, J.) granted the defendants' motions to dismiss. (JA 63-89). Final judgment was entered on March 14, 2018. (JA 90). Hernandez filed a notice of appeal on April 13, 2018. (JA 91-92).

### B.  Factual Allegations

Hernandez is a native and citizen of the United States. (JA 11). According to the second amended complaint, on September 27, 2013, Hernandez was arrested by the New York City Police Department ("NYPD") and charged with public lewdness. (JA 11). That same day, DHS Deportation Officer Outlaw

lodged an "Immigration Detainer—Notice of Action" against Hernandez. (JA 12). An immigration detainer "serves to advise another law enforcement agency that [DHS] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien," and constitutes "a request that such agency advise [DHS], prior to release of the alien, in order for [DHS] to arrange to assume custody." 8 C.F.R. § 287.7(a). At the time in question, the City of New York had in place laws that permitted, but did not require, compliance with certain federal immigration detainers. (JA 33-47). The immigration detainer lodged against Hernandez requested that the NYPD "[m]aintain custody of [Hernandez] for a period *NOT TO EXCEED 48 HOURS*, excluding Saturdays, Sundays, and holidays, *beyond the time when the subject would have otherwise been released from your custody* to allow DHS to take custody of the subject." (JA 32 (emphasis added)).

According to the second amended complaint, however, the immigration detainer "falsely stat[ed] that [Hernandez] was of Honduran nationality, that [Hernandez's] middle name was Enrique, and that [Hernandez's] last name was 'Hernandez-Martinez.'" (JA 12). It therefore included information that did not match that of Hernandez, who in any event was a United States citizen.

At Hernandez's September 27, 2013, arraignment on his public lewdness charge, the prosecutor recommended that Hernandez be sentenced to three days of community service in exchange for a guilty plea, but the judge replied that the prosecutor "[couldn't] ask for

community service" due to the "ICE detainer." (JA 12-
14). The prosecutor then suggested a resolution of five
days' jail in exchange for a guilty plea, but Hernan-
dez's attorney declined that offer and instead asked
"for $1 bail to be set." (JA 13-14). The judge set bail at
$1.00, and Hernandez was remanded into the custody
of the New York City Department of Corrections
("DOC"). (JA 12, 14).

Hernandez remained in DOC custody from Septem-
ber 27, 2013, until October 1, 2013. (JA 14). On Octo-
ber 1, 2013, the $1.00 bail was posted and Hernandez
was released by DOC. (JA 18, 48-49, 51). Also on Octo-
ber 1, DHS cancelled the immigration detainer it had
issued on September 27. (JA 14).

## C. The District Court's Order

In his second amended complaint, Hernandez as-
serted claims against the United States under the
FTCA for: (i) false arrest and false imprisonment;
(ii) abuse of process; (iii) violation of the right to due
process under Article 1, § 6 of the New York State Con-
stitution; and (iv) negligence. (JA 20-22). Hernandez
also brought *Bivens* claims against Deportation Officer
Outlaw, and a municipal liability claim against the
City of New York pursuant to *Monell v. Dep't of Social
Services*, 438 U.S. 658 (1978). (JA 22-26).

The defendants moved to dismiss the second
amended complaint in its entirety. (Dist. Ct. ECF Nos.
42-27). The district court granted the defendants' mo-
tions in an opinion and order dated March 13, 2018.
(JA 63-89).

Relevant to this appeal, the district court dismissed Hernandez's FTCA claims for failure to state a claim on which relief could be granted. (JA 71-79). First, the district court dismissed the false arrest and false imprisonment claim because Hernandez did not plausibly allege that the government confined him or that his confinement was not otherwise privileged. (JA 72-74). Rather, "the only plausible inference to be drawn from the" allegations in the second amended complaint was that Hernandez "was confined after being arrested by the NYPD, following the lawful imposition of bail and his failure to tender the bail." (JA 73).

Next, the district court dismissed Hernandez's abuse of process claim. (JA 74-75). Specifically, the court held that the second amended complaint failed to make out a claim for abuse of process under New York law because (i) it failed to allege facts supporting an inference that DHS issued the immigration detainer with an intent to harm Hernandez, and (ii) in any event, because the City's compliance with immigration detainers is not mandatory, DHS could not "compel" the City to detain Hernandez. (JA 75).

The district court also dismissed Hernandez's due process claim on the ground that the FTCA only waives the government's sovereign immunity for torts that could also be asserted against a private individual, and due process claims under the New York constitution do not meet this private analogue requirement. (JA 76-77). Similarly, the district court dismissed Hernandez's negligence claim both because New York law prohibits claims "that law enforcement officers failed to exercise the appropriate degree of care

in effecting an arrest or initiating a prosecution," and because it also failed to satisfy the FTCA's "private analogue" requirement. (JA 77-78). Finally, the district court dismissed Hernandez's *Bivens* claims against Deportation Officer Outlaw (JA 79-82) and his *Monell* claim against the City (JA 82-86).[1]

Final judgment was entered in accordance with the district court's opinion and order on March 14, 2018. (JA 90). This appeal followed. (JA 91).

## Summary of Argument

The district court properly dismissed Hernandez's FTCA claims. Hernandez's false arrest and false imprisonment claim fails because Hernandez did not, and could not, plausibly allege that he was confined by the government, or that his confinement was not otherwise privileged—in fact, he was confined by agents of the City pursuant to a lawful arrest and the imposition of bail. *See infra* Point I. Hernandez's abuse of process claim also fails because Hernandez's allegations are insufficient to support a reasonable inference that DHS was motivated by an improper purpose when it issued the detainer, and also because DHS could not compel Hernandez's detention. *See infra* Point II. Next, Hernandez cannot make out a due process claim based on the New York State Constitution because the United States has not waived sovereign immunity for

---

[1]  Hernandez does not appeal the district court's dismissal of his *Bivens* claims. (Brief for Plaintiff-Appellant ("Br.") 3 n.3).

constitutional torts and, relatedly, a private individual could not be held liable on the same theory under New York law. *See infra* Point III. Finally, Hernandez's negligence claim is subject to dismissal because, under New York law, law enforcement officials cannot be held liable for failing to exercise due care in carrying out an arrest. *See infra* Point IV. Accordingly, the district court's judgment should be affirmed.

### ARGUMENT

#### Standard of Review

This Court "review[s] *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).[2] But allegations that are "no more than conclusions[ ] are not entitled to the assumption of truth," and "'naked assertions' devoid of 'further factual enhancement'" are insufficient to show that a plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atlantic*

---

[2]  The district court dismissed Hernandez's FTCA claims pursuant to Rule 12(b)(6). (JA 70). In the event this Court were to view these claims as susceptible to dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, its review would still be *de novo. See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

*Corp. v. Twombly*, 550 U.S. 555, 557 (2007)). Nor must a court accept as true "legal conclusions" or "'a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### POINT I

### The District Court Properly Dismissed Hernandez's Claim for False Arrest and False Imprisonment

The district court correctly dismissed Hernandez's claim for false arrest and false imprisonment. The "law of the State" in which the alleged tortious act occurred is "the source of substantive liability under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Under New York law, "[a] plaintiff seeking to establish a cause of action for false arrest and/or imprisonment must establish that (1) the defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Thompson v. City of New York*, 23 N.Y.S.3d 839, 847 (2015) (citations omitted); *accord Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Hernandez's claim fails because he cannot show either that the government intended to confine him, or that the confinement was not otherwise privileged.

As the district court recognized, "the only plausible inference to be drawn from [Hernandez's] factual pleading is that he was confined after being arrested

by the NYPD, following the lawful imposition of bail
and his failure to tender the bail." (JA 73). Indeed, the
second amended complaint effectively concedes that
the City, and not the government, was responsible for
Hernandez's confinement through its lawful arrest of
Hernandez and the arraignment judge's imposition of
bail, which Hernandez did not tender during the pe-
riod of his detention. (JA 11-12). Thus, not only was
the government not responsible for Hernandez's con-
finement, but to the extent it was indirectly responsi-
ble through its issuance of the detainer, Hernandez
still cannot make out a false arrest or false imprison-
ment claim because he cannot demonstrate that his
confinement was not "otherwise privileged" or "justi-
fied by law." *Caban v. United States*, 728 F.2d 68, 72
(2d Cir. 1984).

Hernandez's claim that the district court improp-
erly "distorted and skewed" his factual allegations in
the defendants' favor (Br. 21) is without merit. First,
he asserts that the City's "official policy" required it to
honor immigration detainers, and thus that the de-
tainer "plainly was the direct cause of [his] confine-
ment." (Br. 21-22). But this ignores the facts properly
recognized by the district court and acknowledged in
the second amended complaint: namely, that Hernan-
dez was lawfully arrested and detained by the NYPD
and subsequently held by DOC until such time as bail
was posted. (JA 11-12, 73). Second, Hernandez argues
that his $1.00 bail was a mere formality and that, were
it not for the immigration detainer, he would simply
have been released on his own recognizance. (JA 22-
30). These, however, are merely "conclusory allega-

tions" and speculation with no support in the pleadings, *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002), and thus are insufficient to defeat a motion to dismiss, *Iqbal*, 556 U.S. at 678-79.

## POINT II

### The District Court Properly Dismissed Hernandez's Claim for Abuse of Process

Hernandez's abuse of process claim was also properly dismissed. "In New York, a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (quotation marks omitted). "[T]o state a claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action." *Id.* at 77. Moreover, an "improper motive" is distinct from an "improper purpose"; an "improper motive" is insufficient to establish an abuse of process claim. *Id.*

Here, the district court correctly held that Hernandez could not make out an abuse of process claim because he failed to demonstrate that DHS issued the immigration detainer with intent to do harm. (JA 74-75). Both in his second amended complaint (JA 20-21) and in his brief on appeal (Br. 30-32), Hernandez hinges his abuse of process argument on his assertion that DHS "cast a wide net" in issuing immigration detainers, and failed to undertake inquiries that would

have established that Hernandez was not properly
subject to a detainer. But those allegations, even if ac-
cepted as true, do not demonstrate that DHS had an
improper, illegitimate purpose, such as detaining
United States citizens. *See Savino*, 331 F.3d at 77. Be-
yond that, Hernandez merely engages in "a formulaic
recitation of the elements of" an abuse of process
claim. *Twombly*, 550 U.S. at 555. And the new allega-
tions in his brief on appeal—that an "irresponsible,
blunderbuss approach to the issuances of immigration
detainers is . . . widespread" (Br. 31), and that DHS
might have "specifically targeted" Hernandez "because
he has a Hispanic surname" (Br. 32)—are even further
afield for the purpose of establishing the sufficiency of
his pleadings. *See Cantor Fitzgerald*, 313 F.3d at 709.

Moreover, the district court also correctly recog-
nized that Hernandez failed to meet the first prong of
the abuse of process test because the government could
not compel Hernandez's detention. (JA 17). In other
words, local law enforcement agencies are "not re-
quired under law . . . to accede to federal immigration
detention requests." (JA 17); 8 C.F.R. § 287.7(a); *see
also Roldan v. Racette*, 984 F.2d 85, 88 (2d Cir. 1993).
Hernandez's bald assertion that relevant City laws im-
pelled DOC to "enforce a significant number of DHS
detainers" (Br. 33) is insufficient to satisfy this prong
even at the pleading stage, and in any event merely
underscores the district court's conclusion that the
government's detainer did not require the City to de-
tain Hernandez.

## POINT III

### The District Court Properly Dismissed Hernandez's Claim for a Due Process Violation Under the New York State Constitution

Hernandez's claim that the government violated his right to due process under the New York State Constitution also fails as a matter of law. At the threshold, the FTCA does not waive sovereign immunity for such a claim. In the context of federal constitutional claims, "the United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts." *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994); *cf. Meyer*, 510 U.S. at 485-86 (the United States has not waived its sovereign immunity for constitutional claims seeking money damages). Accordingly, district courts in this Circuit have regularly held that plaintiffs cannot assert FTCA claims for violations of the New York constitution. *See, e.g.*, *Evans v. Solomon*, No. 06 Civ. 3284 (SLT)(LB), 2011 WL 609806, at *2-3 (E.D.N.Y. Feb. 5, 2011) (New York state constitutional tort claim is unavailable in the FTCA context (citing *Li v. Aponte*, No. 05 Civ. 6237 (NRB), 2008 WL 4308127, at *11 (S.D.N.Y. Sept. 16, 2008)); *Thunder Island Amusements, Inc. v. Ewald*, 650 F. Supp. 2d 195, 201 (N.D.N.Y. 2009) (dismissing plaintiff's claim under the New York State Constitution against a federal official); *Hightower v. United States*, 205 F. Supp. 2d 146, 154 n.4 (S.D.N.Y. 2002) ("Although plaintiff purports to invoke Section 1983 and the New York Constitution as bases for his constitutional claims . . . Section 1983 and the New York State Constitution only permit

suits against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law."). Hernandez's state law constitutional tort claim against the United States is therefore fatally flawed.

Moreover, and as the district court recognized, the state law due process claim fails because it "could [not] be asserted against a private individual based on purely private conduct." (JA 76). The FTCA only waives the government's sovereign immunity where "'a private person . . . would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012) (quoting 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances."). Under this "private analogue requirement . . . a plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred." *Watson v. United States*, 865 F.3d 123, 134 (2d Cir. 2017) (quotation marks omitted).

Here, the private analogue requirement bars Hernandez's claim insofar as that claim is "based on governmental 'action of the type that private persons could not engage in and hence could not be liable for under local law.'" *Liranzo*, 690 F.3d at 86 (quoting *Chen v. United States*, 854 F.2d 662, 626 (2d Cir. 1988)). The district court found persuasive the reasoning of *Appolon v. United States*, No. 16 Civ. 2275 (SJ)(SMG), 2017 WL 3994925, at *15 (E.D.N.Y. Sept.

6, 2017), *report and recommendation adopted*, No. 16 Civ. 2275 (SJ)(SMG), 2018 WL 461241 (E.D.N.Y. Jan. 18, 2018), which analyzed a claim asserted under the due process language of the Georgia state constitution. (JA 77). The court in *Appolon* concluded "that a claim for a due process violation is not cognizable under the FTCA" because a plaintiff cannot bring an analogous claim under state law for "violation of due process" against a private citizen. *Appolon*, 2017 WL 3994925, at *15; (JA 77). The same is true here.

Hernandez relies on *Sharrock v. Dell Buick-Cadillac, Inc.*, 45 N.Y.2d 152 (1978), to argue that private persons can be held liable for violations of the New York State Constitution (Br. 34-36), but that case is inapposite. In *Sharrock*, both a state official and a private party were defendants, and the court merely declared a state statute regarding garageman's liens to be unconstitutional under the New York State Constitution, thus awarding declaratory, rather than monetary, relief against the state for promulgation of the unconstitutional law. 45 N.Y.2d at 158-60. Further, the decision hinged on the non-private nature of the conduct giving rise to the asserted injury—the notion that the state "entwined itself into the debtor-creditor relationship," *id.* at 161, and the further finding that the "State" had "deprive[d] a person of a significant property interest in aid of a creditor," *id.* at 163. This is a far cry from a holding recognizing personal, private-capacity liability in a circumstance analogous to the situation presented in this appeal. Indeed, the district court correctly observed that "*Sharrock* thus teaches that state action is the operative factor in establishing a claim under the constitutional due process

provision." (JA 77). Its finding that the FTCA's private analogue requirement bars Hernandez's state law due process claim was therefore correct.

## POINT IV

### The District Court Properly Dismissed Hernandez's Claim for Negligence

Finally, the district court correctly dismissed Hernandez's negligence claim on the grounds that it fails to state a claim for negligence under New York law and, like the due process claim, fails to meet the FTCA's private analogue requirement. (JA 77-79).

"In order to establish a prima facie case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995); *see also Luina v. Katherine Gibbs School New York, Inc.*, 830 N.Y.S.2d 263, 264 (2d Dep't 2007). "Under New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

Under this standard, Hernandez's negligence claim fails as a matter of law. As the district court recognized (JA 77-78), Hernandez's assertion that "Homeland Security Officers owed [him] a duty" and "breached" that duty (JA 22) is insufficient. To begin, it amounts to a

mere "[t]hreadbare recital[ ]" of the general elements of a negligence claim. *Iqbal*, 556 U.S. at 678. Further, the law is clear that Hernandez "cannot recover under general negligence principles on his claim that federal immigration officers failed to exercise the appropriate degree of care in issuing an immigration detainer." (JA 78). Hernandez's argument that his negligence claim is viable because, under New York law, private parties can be sued for negligence that leads to an arrest (Br. 37-38) flips the FTCA on its head. Here, the relevant FTCA principle is that New York law prohibits precisely the type of claim the second amended complaint advances. *See Meyer*, 510 U.S. at 478.

Relatedly, then, the negligence claim also fails because it does not satisfy the private analogue requirement. (JA 78). Indeed, in *Watson v. United States*, this Court recognized that "[u]nder New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution." 865 F.3d at 134. On appeal, Hernandez concedes *Watson*'s applicability, but argues that it was erroneously decided and should be "rectified." (Br. 38). That request is meritless, however, because this Court is "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel . . . or by the Supreme Court." *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 405 (2d Cir. 2014); *accord Joseph v. United States*, —F. App'x—, 2018 WL 5098820, at *1 (2d Cir. Oct. 18, 2018) (Circuit is bound by *Watson*). The law is therefore clear that Hernandez's negligence claim is foreclosed.

## CONCLUSION

**The judgment of the district court should be affirmed.**

Dated:    New York, New York
            October 26, 2018

                    Respectfully submitted,

                    GEOFFREY S. BERMAN,
                    *United States Attorney for the*
                    *Southern District of New York,*
                    *Attorney for Defendant-Appellee*
                      *United States of America.*

BRANDON M. WATERMAN,
CHRISTOPHER CONNOLLY,
    *Assistant United States Attorneys,*
        *Of Counsel.*